# United States District Court, Northern District of Illinois

Order Form (01/2005)

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7249 | **DATE** | 10/23/2012 |
| **CASE TITLE** | Barry Bass, Jr. (M-09157) v. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A. All pending motions are denied. The dismissal of this case counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). This case is closed.

■ **[For further details see text below.]**

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Plaintiff Barry Bass, Jr., an inmate currently incarcerated either at the Western Illinois Correctional Center, filed this 42 U.S.C. § 1983 civil rights complaint naming the State of Illinois, Cook County, and Assistant State's Attorney ("ASA") Nick D'Angelo as Defendants. Plaintiff alleges that ASA D'Angelo impermissibly changed the charging instrument in Plaintiff's criminal case and misinformed the state trial court when doing so.

Plaintiff originally filed this case in November 2011 in the Southern District of Illinois, which recently transferred the case to this Court. The Southern District has already granted Plaintiff *in forma pauperis* status to file the complaint.

Under § 1915A, this Court must conduct a preliminary review of a complaint and dismiss it, if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a party immune from such relief.

The present case duplicates claims Plaintiff asserted in a prior suit brought in the Southern District. *See Bass v. People of the State of Illinois*, No. 11-862-GPM (S.D. Ill.) (Murphy, J.). Both complaints allege that ASA D'Angelo changed the charging instrument during Plaintiff's state criminal proceeding in order to sentence Plaintiff under a greater offense class. On September 30, 2011, the Southern District dismissed Plaintiff's prior complaint for failure to state a claim and for seeking damages against parties immune from such relief. *Bass*, No. 11-862, Order of 9/30/11. A possible explanation as to why the instant case lingered for ten months before being transferred may be because the complaints were so similar that it was overlooked that Plaintiff had filed a separate suit. The present case, however, was filed seven weeks after the dismissal of the prior case, and Plaintiff included motions to proceed *in forma pauperis* and for the appointment of counsel, thus indicating his desire to initiate another case.

The reasons for the dismissal of Plaintiff's prior case necessitate dismissal of the current complaint. Moreover, the duplicative nature of these suits warrants dismissal of the instant case on the additional ground that it is malicious.

**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

As previously explained by the Southern District, Plaintiff's claims against ASA D'Angelo are barred given that prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "This immunity applies even where the prosecutor acts maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F .2d 1228, 1238 (7th Cir. 1986). Plaintiff's allegations that ASA D'Angelo impermissibly changed the charging instrument and gave false information to t he state court describes actions "intimately associated with the judicial phase of the criminal process." *Imbler*, 424 U.S. at 430.

Plaintiff's claims against the State of Illinois are also barred. *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993) ("the Eleventh Amendment prohibits a suit in federal court 'in which the State or one of its agencies or departments is named as the defendant'"), *quoting Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

As to Cook County, Plaintiff names it as a Defendant, but states no claims against it in the body of his complaint. Even if Plaintiff asserts allegations against Cook County, this Court cannot grant relief on such a claim given that Plaintiff is still serving the sentence which he challenges. As the Southern District previously explained, a favorable ruling by this Court would affect the duration of Plaintiff's sentence, which must be challenged either in state court or in a federal habeas corpus petition after he has exhausted state court remedies. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996). This Court cannot convert Plaintiff's current civil rights case into a habeas petition. *See Copus*, 96 F.3d at 1039.

In addition to the above stated reasons, dismissal of the instant case as malicious is warranted given that Plaintiff repeats claims that were dismissed before he initiated this case. *See Holland v. City of Gary*, No. 2:12-cs-62, 2012 WL 974882 at *3 (N.D. Ind. Mar. 21, 2012) (filing multiple suits against the same defendants based on the same set of facts amounts to a malicious suit under § 1915A); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (describing a suit is "malicious" for purposes of § 1915 if it is intended to harass or is otherwise abusive of the judicial process).

Accordingly, for all these reasons stated, Plaintiff's complaint is dismissed. The dismissal shall count as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The accumulation of three dismissals (or "strikes") under § 1915(g) will prevent Plaintiff from filing a civil complaint or appeal without prepaying the filing fee, unless he can demonstrate that he is in imminent danger of serious bodily injury. § 1915(g).

Plaintiff may appeal this dismissal by filing a notice of appeal in this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If he seeks to proceed *in forma pauperis* on appeal, he must submit a motion for leave to appeal *in forma pauperis*, which should set forth the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, he may accumulate another "strike" under 28 U.S.C. § 1915(g).